UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN DEMARTINIS, Individually, as surviving spouse and as Administratrix of The Estate of Marc Peter DeMartinis, Deceased | : : : : : |
| Plaintiffs, | : Civil Case No. : |
| vs. | : 3:02cv1757 (AVC) : |
| ALITALIA-LINEE AEREE ITALIANE, S.p.A. | : : : |
| Defendant. | : NOVEMBER 11, 2003 |

MEMORANDUM OF LAW IN SUPPORT OF OBJECTION

I. INTRODUCTION

This is a wrongful death action for damages. Decedent, Marc DeMartinis was a passenger on board an Alitalia flight from Logan Airport, Boston Massachusetts to Milan, Italy. During the flight, Mr. DeMartinis required immediate medical attention. Timely and proper medical attention was not provided to Mr. DeMartinis, and as a result, he died.

II. LAW AND ARGUMENT

A. Irrelevant Testimony

Defendant's proposed depositions will not lead to relevant evidence nor reveal information reasonably calculated to lead to the discovery of admissible evidence. Defendant asserts that Dr. Caterini and Nurse Giatti possess information relevant to the issues of liability. Dr. Caterini and Nurse Giatti were not on the flight. They arrived after

the plane landed and after the other passengers disembarked the plane. In the instant action, liability will stand or fall on the events and circumstances that took place or did not take place while the plane was in the air, when it was landing, and when it touched ground, and before the passengers disembarked. What took place once medical personnel got onto to the plane is not relevant to the issue of liability.

### B. Undue Burden

With the relevance of the depositions remote at best, the taking of the depositions will unduly burden the plaintiffs. Moreover, defendant has failed to identify whether or not the depositions will merely be discovery depositions or depositions that defendant intends to offer into evidence at trial pursuant to Rule 804(b)(1) of the Federal Rules of Evidence. It will unduly burden to require plaintiffs to travel to Italy for the taking of discovery depositions.

### C. Objection to the Proposed Questions

Certain questions proposed by the defendant to the witnesses are improper. Specifically, the following questions are improper. One, defendant seeks to elicit expert opinion testimony from Dr. Caterini and Nurse Giatti. Proposed question numbers 27, 41, and 46 improperly attempt to elicit expert testimony. The questions are improper for they lack the requisite foundational question. Namely, the questions fail to ask whether or not Dr. Caterini's opinions are to a reasonable degree of medical probability. As for Nurse Giatti, the questions fail to establish her medical qualifications to provide opinions to a reasonable degree of medical probability on issues such as cause of death. Defendant also

proposes questions to Dr. Caterini and Nurse Giatti that elicit hearsay. Specifically, question numbers 22, 26, 28, 35, 38, 40, 42, and. 44. The aforementioned questions seek to have the witnesses testimony on what a non-party may had said. Such testimony consists of inadmissible hearsay. The exception being if the doctor was relying on the hearsay statements as a basis for any medical opinion he may have.

Two, certain questions that defendant proposes to direct to Acting Public Prosecutor, Dr. Christiana Roveda, are improper. Proposed question numbers 27, 31, 32, and 35 seek to elicit hearsay testimony that is inadmissible. Proposed question number 37 improperly seeks an opinion on an ultimate issue of fact in the case – whether or not defendant was negligent in the instant action. The question is impermissible.

Three, certain questions proposed by the defendant to Assistant Commander Mirko Sbordoni, are improper. The improper questions are numbers 27, 28, 29, 30, and 31. These questions are improper for they seek to elicit hearsay testimony that is inadmissible at trial.

### D. Deposition Procedure Pursuant to Fed.R.Civ.P. 30(c)

The witnesses' testimony lack relevance. Certain questions that the defendant proposes to submit to the witnesses are improper. Defendant has failed to designate the depositions as discovery depositions or depositions to be used at trial on the basis that the witnesses will be unavailable. With these items in mind, it would be unduly burdensome to require the plaintiffs to travel to attend the depositions.

Assuming arguendo that the Court would permit the taking of the depositions, plaintiffs respectfully submit that the depositions be conducted pursuant to Fed.R.Civ.P.

30(c).[1]  The parties, without waiving their right to object at the time of trial, would agree on a set of written questions. The written questions would be sealed in envelope and transmitted to the officer before whom the depositions are to be taken. The officer would then proceed to place the witness under oath, propound the written questions to the witness and record the answers verbatim.

## III.  CONCLUSION

For the foregoing reasons, plaintiffs object to defendant's Motion for the Issuance of a Letter of Request for the Examination of Witnesses in Italy Pursuant to The Hague Convention on the Taking of Evidence Abroad.

---

[1] Fed.R.Civ.P. 30(c) provides, in relevant part: "[i]n lieu of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition and the party taking the deposition shall transmit them to the officer, who shall propound them to the witness and record the answers verbatim."

Respectfully Submitted,

*[signature]*

Vincent F. Sabatini, Esq. (ct 06211)
SABATINI AND ASSOCIATES, LLC
One Market Square
Newington, CT  06111
(860) 667-0839  Fax 667-0867
email: sa@sabatinilaw.com


Attorneys for Plaintiffs


## CERTIFICATION

This is to certify that a copy of the foregoing Objection was mailed, postage prepaid, on November 11, 2003, to the following:

Steven E. Arnold, Esquire
Stanger & Arnold, LLP
29 South Main Street
Suite 325
West Hartford, CT 06107

Eugene Massamillo, Esquire
Biedermann, Hoenig, Massamillo & Ruff, P.C.
90 Park Avenue
New York, NY  10016

*[signature]*

Vincent F. Sabatini