FILED

2003 NOV 24  P 3: 24

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN DEMARTINIS, Individually, as surviving spouse and as ADMINISTRATRIX OF THE ESTATE OF MARC PETER DEMARTINIS, DECEASED, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) | 3:02 CV 1757 (AVC) |
| v. | ) ) ) | |
| ALITALIA-LINEE AEREE ITALIANE, S.p.A. | ) ) ) | |
| Defendant. | ) | NOVEMBER 24, 2003 |

**DEFENDANT ALITALIA'S REPLY MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR THE ISSUANCE OF A LETTER OF REQUEST
FOR THE EXAMINATION OF WITNESSES IN ITALY PURSUANT TO
THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD**

**INTRODUCTION**

Defendant ALITALIA LINEE-AEREE ITALIANE, S.p.A. ("ALITALIA"), submits this

Reply Memorandum of Law in further support of its Motion, pursuant to Local Rule 7 and Rules

28, 30 and 32 of the Federal Rules of Civil Procedure, for the issuance by the Court of a "Letter

•1•

**STANGER & ARNOLD**, LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • ·Facsimile: 860.561.0646
Juris No. 419042

of Request," addressed to the Central Authority in Italy, for the purpose of taking critical

evidence abroad. [1]

In opposing ALITALIA's motion, plaintiff simply contends that the "depositions will not

lead to relevant evidence nor reveal information reasonably calculated to lead to the discovery of

admissible evidence." See Plaintiff's Opp. at 1-2. This contention lacks merit.

ALITALIA seeks a Court order to secure the depositions of critical witnesses in Italy,

specifically (1) Dr. Robert Caterini, Physician on Duty, Malpensa International Airport an

employee of Societa Esercizi Aeroportuali S.p.A. ("SEA"); (2) D. Giatti, Nurse, Emergency

Room, Malpensa International Airport, also an employee of SEA; (3) Dr. Cristiana Roveda,

Acting Public Prosecutor, Office of the Public Prosecutor, Busto Arsizio; and (4) Mirko

Sbordoni, Assistant Commander, National Police, Border Police Bureau, Malpensa International

Airport Criminal Investigation Unit.

These four witnesses all had personal contact with either the decedent prior to his death or

his mother, Natalie DeMartinis -- the only fact witness being proffered by plaintiff in this case.

Thus, plaintiff's argument that the testimony of these witnesses is irrelevant and should not be

taken is simply disingenuous. Moreover, Dr. Caterini prepared a written report and submitted it

to Dr. Roveda, the Public Prosecutor, as part of her investigation into the incident. The written

transcription of the interview of Mrs. DeMartinis conducted in Milan by Officer Sbordoni a few

---

[1] Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555, 847 UNTS 231, reprinted in 28 U.S.C.A. § 1781 ("Hague Evidence Convention").

STANGER & ARNOLD, LLP
29 South Main Street · Suite 325 · West Hartford, CT 06107 · 860.561.0650 · Facsimile: 860.561.0646
Juris No. 419042

hours after the incident was also made part of the report of that investigation.  Thus, it is difficult to imagine that the testimony of these witnesses would be anything but relevant.

Thus, ALITALIA respectfully requests that the Court approve and sign the Letter of Request, in accordance with the provisions of the Hague Evidence Convention in order to compel the depositions of the above witnesses.

## ARGUMENT

I.    **THE TESTIMONY OF THE FOUR WITNESSES IS RELEVANT TO THE CLAIMS BEING ASSERTED BY PLAINTIFF AGAINST ALITALIA PURSUANT TO FED. R. CIV. P. 26**

1.    **That the Witnesses Reside In Italy Does Not Render Their Testimony Irrelevant or Burdensome**

Plaintiff's contention that the testimony of the four witnesses who reside in Italy is "irrelevant" is disingenuous.  Plaintiff's central claim is that ALITALIA negligently responded to the decedent and failed to provide adequate medical assistance.  Each of the witnesses sought to be deposed either administered medical treatment to the decedent or had personal contact with the decedent or his mother immediately following the incident during the course of an investigation.

Federal Rule of Civil Procedure 26(b)(1), provides in part that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party."  Inasmuch as these four witnesses are expected to testify about, *inter alia,* (1) the medical condition of the decedent immediately prior to death; (2) conversations they had with the decedent's mother;  and/or (3) the investigation that ensued following the decedent's death, it is difficult to conclude that their testimony is "irrelevant."  Moreover, plaintiff is seeking

**STANGER & ARNOLD, LLP**
29 South Main Street · Suite 325 · West Hartford, CT 06107 · 860.561.0650 · Facsimile: 860.561.0646
Juris No. 419042

$10,000,000 in damages against ALITALIA and, thus, ALITALIA should be availed the opportunity to adequately defend itself.

The fact that these witnesses are in Italy, creating a geographical inconvenience, has no bearing on *relevancy* as plaintiff seems to suggest. Indeed, if these witnesses were located in Connecticut, there would be no question that their testimony would be taken during the course of discovery and that plaintiff would have no basis to object.

The provisions of the Hague Convention on the taking of evidence abroad exist for the precise scenario presented by this case. And, these international provisions should not be disregarded simply because plaintiff says the testimony sought is "irrelevant" or that traveling to Italy is burdensome. Given that this entire incident occurred in Italy, it should come as no surprise to plaintiff that some of the evidence will necessarily have to be obtained in Italy.

The Hague Convention, which established certain procedures through which a judicial authority in one signatory nation may request evidence located in another signatory nation, was primarily designed to "reconcile the differing legal philosophies of the Civil Law, Common Law and other systems with respect to the taking of evidence." Societe Nationale Industrielle Aerospatiale v. USDC, 482 U.S. 522 (1987). The Hague Convention not only serves the interest of international comity but also benefits common law countries by facilitating discovery in civil law jurisdictions without slighting the judicial sovereignty of the nations in which discovery is sought. Hudson v. Hermann Pfauter GmbH, 117 F.R.D. 33, 34-35 (N.D.N.Y. 1987).

STANGER & ARNOLD, LLP
29 South Main Street · Suite 325 · West Hartford, CT 06107 · 860.561.0650 · Facsimile: 860.561.0646
Juris No. 419042

Inasmuch as plaintiff is seeking $10,000,000 in damages arising out of a claim which ALITALIA seriously contests, the testimony of witnesses who have knowledge of the incident is certainly relevant and will more than likely lead to the discovery of admissible evidence.

2.    **Dr. Roberto Caterini and Nurse D. Giatti**

For example, Dr. Roberto Caterini and Nurse D. Giatti both were employed by Societa Esercizi Aeroportuali S.p.A. ("SEA"), which provides, among other things, medical services at the Milan airport. These two medical professionals came on board the aircraft and treated the decedent while he was still alive. They spoke to the crew and to the decedent's mother, thus they are qualified to testify about the medical condition of the decedent, as well as any conversations they had with the ALITALIA crew and Mrs. Natalie DeMartinis regarding what had occurred on board the aircraft. Dr. Caterini and Nurse Giatti accompanied the decedent to the hospital in Gallarte where he died. Dr. Caterini thereafter prepared a report for Public Prosecutor Cristiana Roveda which she included as part of her investigation of the incident and which plaintiff produced during discovery.

It is absurd for plaintiff to characterize the testimony of the medical care providers as "irrelevant". These persons will likely be able to proffer testimony regarding what if anything else could have been done to assist the decedent on board the aircraft. Again, if these witnesses were stationed in Boston's Logan Airport or in Connecticut, there would be no issue as to the taking of these depositions. The fact that these witnesses are in Italy does not render their testimony irrelevant or burdensome.

STANGER & ARNOLD, LLP
29 South Main Street · Suite 325 · West Hartford, CT 06107 · 860.561.0650 · Facsimile: 860.561.0646
Juris No. 419042

Because plaintiff's central claim is that ALITALIA negligently responded to the decedent and contributed to his death, the testimony of these witnesses who medically treated the decedent prior to his death is critical to the determination of liability issues in this case.

### 3. Dr. Cristiana Roveda, Public Prosecutor, and Mirko Sbordoni, Assistant Commander, National Police

The testimony of Dr. Cristiana Roveda, Public Prosecutor and Mirko Sbordoni, Assistant Commander, National Police is equally relevant. These witnesses participated in an investigation into the death of the decedent. During the course of this investigation, the decedent's mother was interviewed and an autopsy of the decedent was performed.

Officer Mirko Sbordoni interviewed the decedent's mother, Mrs. Natalie DeMartinis, several hours after the incident. Plaintiff claims that ALITALIA did not respond to Natalie DeMartinis' request for assistance when she could not wake her son to disembark. This allegation is in conflict with the transcript of the interview conducted by Officer Sbordoni. Thus, it is critical that ALITALIA depose Officer Sbordoni about the contents of his interview with Mrs. DeMartinis and any other conversations he may have had with her or the ALITALIA flight crew.

These four witnesses are not parties to the action and are not within ALITALIA's control because they are outside the subpoena power of this Court, thus the provisions of the Hague Convention have been properly invoked. The Hague provisions are in force to assist litigants in obtaining evidence located in foreign countries and should not be disregarded lightly especially in response to a baseless contention by a party that the evidence sought is irrelevant. The incident

·6·

giving rise to plaintiff's claim for $10,000,000 in damages occurred in Italy. As a natural

consequence, some of the evidence will necessarily have to be obtained in Italy. The fact that

these witnesses are in Italy and not Connecticut should not create a bar to gathering this evidence

especially since the Hague Convention creates a mechanism for doing so.

Thus, ALITALIA should be availed the opportunity to adequately defend itself and the

Letter of Request should be executed by the Court.

## II.    PLAINTIFF PROFFERS NO LEGAL OR FACTUAL BASIS FOR HER CLAIM THAT THE DEPOSITIONS WILL BE UNDULY BURDENSOME

Plaintiff also claims, without any legal or factual support, that "it will unduly burden

plaintiff to require plaintiffs to travel to Italy for the taking of discovery depositions." See

Plaintiff's Opp. at 2.  Under the provisions of the Hague Convention, there is no requirement that

plaintiff travel to Italy to attend the depositions.  Notwithstanding, plaintiff should be estopped

from claiming that the taking of depositions in Italy is burdensome because:

(1) the incident occurred in Italy;

(2) all medical treatment was administered in Italy;

(3) interviews were conducted in Italy by the Italian border police;

(4) the investigation was performed by the Italian Public Prosecutors Office; and

(5) the autopsy of the decedent was performed in Italy.

To date, ALITALIA has already accommodated plaintiff by producing the flight crew for

depositions in New York when it would have been more convenient for ALITALIA to produce

·7·

**STANGER & ARNOLD, LLP**
29 South Main Street · Suite 325 · West Hartford, CT 06107 · 860.561.0650 · Facsimile: 860.561.0646
Juris No. 419042

these parties in Italy where they are employed and reside.  Thus, plaintiff's assertion that it is

burdensome to take the depositions of non-parties, over whom neither ALITALIA nor plaintiff

has any control, in Italy is baseless.  There is no requirement that plaintiff travel to Italy because

the depositions will be conducted under the authority of the Italian consulate.  If permitted by the

Italian authorities, ALITALIA would not object to having plaintiff's counsel participate via

telephone from his office in the United States.

Plaintiff's contention, for which absolutely no legal support is proffered, lacks merit and

should not be considered as a reason for denying ALITALIA's motion for a Letter of Request.

## III.    THE HAGUE CONVENTION SETS FORTH
## THE METHODS OF TAKING DEPOSITIONS

The Hague Convention specifically prescribes the method of taking depositions of non-

parties in foreign tribunals and does not follow the Federal Rules of Civil Procedure.  Pursuant to

Article 3, Hague Convention, T.I.A.S. 7444, 23 U.S.T. 2555, 847 UNTS 231, reprinted in 28

U.S.C.A. § 1781, the Letter of Request shall include, *inter alia*, "(f) the questions to be put to the

persons to be examined or a statement of the subject-matter about which they are to be

examined."  After the Letter of Request is issued by the United States federal district court, the

procedure for taking depositions is completely under the control of the Italian judiciary.  Even

attendance by plaintiff's counsel or defense counsel must be approved by the Italian judiciary.

The Italian Central Authority has advised the Hague Conference on Private International

Law that requests for compulsion of evidence under the provisions of the Convention must be

submitted in duplicate and must be written in the Italian language.  ALITALIA has complied with

STANGER & ARNOLD, LLP
29 South Main Street  ·  Suite 325 ·  West Hartford, CT 06107 ·  860.561.0650  ·  Facsimile: 860.561.0646
Juris No. 419042

the requirements of the Hague Convention, section (f), by submitting the questions for each witness in both English and the Italian language. The deposition is to be conducted under the authority of the Italian judiciary. For this reason, Fed. R. Civ. 30 is not applicable as suggested by plaintiff. Accordingly, plaintiff's suggestion that the questions should be submitted in a sealed envelope is improper and contrary to the requirements of the Hague Convention and the dictates of the Italian Central Authority.

Finally, plaintiff's objections to several of the questions are baseless. Initially, ALITALIA notes that none of these witnesses is being deposed as an expert. These are non-party fact witnesses being deposed during the course of discovery. These witnesses have knowledge concerning the incident and specifically, the medical treatment given to plaintiff prior to death; conversations had with the ALITALIA crew and/or Mrs. Natalie DeMartinis or formal interviews with Mrs. DeMartinis. Thus, any questions concerning the witnesses' expert qualifications are meritless and should be disregarded because these witnesses are not being proffered as experts. Moreover, during a discovery deposition, all objections except for privilege are reserved for trial. Thus, plaintiff's "hearsay" objection is inappropriate at this time and is reserved for trial.

In accordance with the foregoing, defendant ALITALIA respectfully requests that:

(1)     the Court approve and sign the Letter of Request, which is in compliance with and contains all the information required by Article 3 of the Hague Evidence Convention;

STANGER & ARNOLD, LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

(2)     after the Court has signed the Letter of Request, the Clerk of this

Court authenticate the Court's signature under the seal of this

Court, and that the Letter of Request be thereafter transmitted to the

Clerk of the Court of Appeal of Milan in conformity with Article 2

of the Convention so that the critical depositions of non-party

witnesses (1) Dr. Robert Caterini; (2) Nurse D. Giatti; (3) Dr.

Cristiana Roveda; and (4) Officer Mirko Sbordoni may be

compelled; and

(3)     the Court appoint Eugene Massamillo as a "commissioner," as set forth in

Article 18 of the Convention, before whom the testimony of the above

named individuals may be taken.

## CONCLUSION

For the reasons set forth above, Defendant, ALITALIA LINEE-AEREE ITALIANE,

S.p.A. respectfully requests that this Court issue a Letter of Request to the Court of Appeal of

Milan for the compulsion of the non-party witnesses deposition testimony.

STANGER & ARNOLD, LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

Respectfully submitted,

By: _____

Steven E. Arnold, ct07966
sea@SAlaw.us
Peter Van Dyke, ct24727
pvd@SAlaw.us
Stanger & Arnold, LLP
29 South Main Street
West Hartford, CT 06107
Tel. (860) 561-0650
Fax. (860) 561-0646

-and-

Eugene Massamillo, ct16211
Jeanine C. Driscoll, ct24341
BIEDERMANN, HOENIG, MASSAMILLO
& RUFF, P.C.
90 Park Avenue
New York, New York 10016
(212) 697-6555

Attorneys for Defendant
**ALITALIA-LINEE AEREE ITALIANE S.p.A.**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record and pro se parties on November 24, 2003:

Vincent F. Sabatini, Esq.
James Sabatini, Esq.
Sabatini & Associates, LLC
One Market Square
Newington, CT 06111-2992

_____
Peter Van Dyke

·11·