30

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SUSAN DEMARTINIS, Individually,        )
as surviving spouse and as              )
ADMINISTRATRIX OF THE ESTATE            )

3:02CV1757 (AVC).  November 21, 2003.  This is a wrongful death
action brought by the plaintiff, Susan Demartinis, as the
administratrix of the estate of her deceased husband, Marc
Demartinis.  Marc Demartinis was a passenger aboard a March 3, 2001
ALITALIA flight from Boston, Massachusetts to Rome, Italy.  During
the flight, Marc Demartinis suffered a heart attack and died
shortly after arriving in Rome.  The complaint alleges that
ALITALIA negligently responded to the emergency and, in this way,
contributed to the death of the plaintiff's decedent.  The
defendant, ALITALIA, now moves pursuant to the Hague Convention on
the Taking of Evidence Abroad in Civil or Commercial Matters, 28
U.S.C. § 1781, for: (1) issuance of a "Letter of Request" to the
Central Authority in Italy for purposes of taking oral depositions
in Italy; and (2) an order appointing attorney Eugene Massamillo as
a commissioner before whom the testimony of the designated
witnesses may be taken.  These witnesses include the doctor and
nurse who came to the aide of Marc Demartinis prior to his death
and while he was still on the aircraft, and the two officials in
Italy that were responsible for investigating Marc Demartinis'
death.  The plaintiff objects to the proposed testimony, arguing
that the testimony is not relevant to this action and that, in any
event, it is overly burdensome to require the plaintiffs to travel
to Italy for depositions.  Should the court authorize the
depositions, the plaintiff requests that, pursuant to Fed. R. Civ.
P. 30(c), the parties stipulate to a set of written questions for
transmittal to a commissioner, who in turn would propound the
questions to the witnesses and record their answers.
Having reviewed the contentions of counsel, the motion is GRANTED
in all respects.  The evidence sought is relevant, and burden
imposed on the plaintiff is not unreasonable.  "If the plaintiff[]
feel[s] that the expense [she] will incur as the result of a trip
to Italy is too great, [she] may retain local counsel to
participate in the examination[s]."  Gitto v. Italia Societa Anonima
Di Navigazione, 28 F. Supp. 309, 310 (E.D. N.Y. 1939).  If the
plaintiff is of the opinion that local counsel will be unable to
carry out effective cross-examination, she may transmit written
interrogatories under Rule 30(c).  Specifically, under this
scenario, ALITALIA will "first take its oral testimony and then
transmit a true copy of it to the plaintiff[] who can then prepare
[her] written interrogatories.  In order that the plaintiff may
have as full an examination as possible by such cross-
interrogatories, the transmittal of the interrogatories shall be
without prejudice to plaintiffs' right to apply to the court for
permission to propose a further set of cross-interrogatories in the
event they find the answers to the first set to be incomplete or
that further questioning is necessary."  See Gitto, 28 F. Supp. at
310-11.

SO ORDERED.

                              Alfred V. Covello, U.S.D.J.