UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN DEMARTINIS, Individually, as surviving spouse and as ADMINISTRATRIX OF THE ESTATE OF MARC PETER DEMARTINIS, DECEASED, <br><br> Plaintiffs, <br> v. <br><br> ALITALIA LINEE-AEREE ITALIANE, S.p.A. <br><br> Defendant. | 302 Civ. 1757 (AVC) <br><br> June 2, 2004 |

*FILED 2004 JUN -2 P 2:28 U.S. DISTRICT COURT HARTFORD, CT.*

**DEFENDANT ALITALIA'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR THE ISSUANCE OF A LETTER OF REQUEST
FOR THE COMPULSION OF EVIDENCE FOR TRIAL PURSUANT TO
THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD**

BIEDERMANN, HOENIG, MASSAMILLO
  & RUFF, P.C.
90 Park Avenue
New York, New York 10016
(212) 697-6555

-and-

STANGER & ARNOLD, LLP
29 South Main Street, Suite 325N
West Hartford, CT 06107
(860) 561-0650

Attorneys for Defendant
ALITALIA LINEE-AEREE ITALIANE S.p.A.

## INTRODUCTION AND REQUEST FOR RELIEF

Defendant ALITALIA LINEE-AEREE ITALIANE, S.p.A. ("ALITALIA"), submits this Memorandum of Law in support of its Motion, pursuant to Local Rule 7 and Rule 34 of the Federal Rules of Civil Procedure, for the issuance by the Court of a "Letter of Request," addressed to the Central Authority in Italy, for the purpose of obtaining critical evidence abroad.[1]

This Application is made pursuant to, and in conformity with, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555, 847 UNTS 231, reprinted in 28 U.S.C.A. § 1781 ("Hague Evidence Convention"), which is in force between the United States and Italy.[2]

This evidence will be in the form of a medical report prepared by Dr. Robert Caterini, Physician on Duty, Malpensa International Airport an employee of Societa Esercizi Aeroportuali S.p.A. ("SEA"). According to the testimony of Dr. Caterini, the medical report is presently in the custody of SEA. The President and General Manager of SEA is Mr. Giuseppe Bencini. This Motion asks the Court to direct Mr. Bencini to release the medical report for use as evidence at trial.

---

[1] This is ALITALIA's second request made pursuant to the Hague Convention in this litigation.

[2] Accompanying this Motion is the "Request for International Judicial Assistance for the Compulsion of Evidence for Trial Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters". In accordance with the provision of the Hague Convention, the "Letter of Request" has been translated into Italian

**STATEMENT OF FACTS**

This action arises from an incident which occurred on March 3, 2001, while the decedent, Marc Peter DeMartinis, and his mother, Natalie Rose DeMartinis, were ALITALIA passengers on board ALITALIA flight 619, traveling from Boston's Logan International Airport to Malpensa International Airport, Milan and connecting to Rome, Italy. The decedent allegedly suffered a heart attack while on board the aircraft and died shortly thereafter at a local hospital.

Based upon the allegations in the Complaint, plaintiff claims that ALITALIA negligently responded to plaintiff's decedent and failed to provide medical assistance See Complaint, ¶¶ 13, 14, 18. Plaintiff Susan DeMartinis, the decedent's wife, has brought suit on her own behalf, the estate and the decedent's two children. Plaintiff seeks $10,000,000 in damages.

Societa Esercizi Aeroportuali S.p.A. ("SEA") is the airport manager for Milan's Malpensa International Airport (owned by the City of Milan). SEA provides, among other things, medical services at the Milan airport. The President and General Manager of SEA is Mr. Giuseppe Bencini.

Prior to the decedent's death and while he was still on the aircraft, he was treated by Dr. Roberto Caterini, an employee of SEA, and Nurse D. Giatti, also an employee of SEA. Dr. Caterini, was an eyewitness directly involved in providing the decedent, Marc DeMartinis, emergency medical treatment while he was on the aircraft. While providing emergency medical treatment to the decedent, Dr. Caterini spoke to the ALITALIA crew members who were present on the aircraft, as well as the decedent's mother, Mrs. Natalie DeMartinis, who was present during the entire incident. Dr. Caterini accompanied the decedent to the hospital in Gallarte where he died.

On April 13, 2004, Dr. Caterini testified at a deposition arranged through the Hague Evidence Convention in connection with this lawsuit. During the course of his testimony, it was revealed that he had prepared two reports relating to his treatment of the decedent, Marc DeMartinis. One report was prepared for the investigation of the incident conducted by Acting Public Prosecutor Cristiana Roveda. The parties are in possession of this particular report. The second report was submitted to SEA, Dr. Caterini's employer at the time of the incident. At his deposition, Dr. Caterini testified that the second report contains information **not** included in the report submitted to the Public Prosecutor.

The medical report prepared by Dr. Caterini is critical to ALITALIA's defense in that Dr. Caterini testified at his deposition that the report contains information regarding the decedent's use of a pharmaceutical drug immediately before and/or during the flight. Although this is directly contrary to the deposition testimony of the decedent's mother Natalie DeMartinis, the Alitalia crew testified at their depositions that Mrs. DeMartinis had told them that her son had taken some type of drug prior to the flight. Because plaintiff's central claim is that ALITALIA negligently responded to the decedent and contributed to his death, this evidence is potentially critical to the determination of liability issues in this case.

Factual discovery in this case has proceeded and the parties have exchanged interrogatories and document demands. The depositions of plaintiff, Susan DeMartinis, and Natalie DeMartinis have been taken as have the depositions of the ALITALIA cabin crew. On April 13, 2004, Dr. Roberto Caterini and Nurse Giatti were deposed in the Gallarte Court before Judge Colangelo. Pursuant to an Order of the Gallarte Court, the deposition of Assistant Commander Mirko Sbordoni has been rescheduled for June 8, 2004, in Gallarte.

ALITALIA has been advised that in order to obtain the medical report from SEA an Order from this Court is required. Presumably, as it has done in other cases involving ALITALIA and litigation pending in the United States, Mr. Bencini, on behalf of SEA will comply with an appropriate court order and produce the medical report prepared by its employee, Dr. Caterini.

## ARGUMENT

### IT IS COMPLETELY PROPER AND WITHIN THIS COURT'S JURISDICTION TO ISSUE A "LETTER OF REQUEST" FOR OBTAINING EVIDENCE FOR TRIAL ABROAD

It is now a well settled practice and procedure of private international law that the issuance of a Letter of Request under the Hague Evidence Convention is a proper method for obtaining evidence abroad. *Pain v. United Technologies Corporation*, 637 F.2d 775, 788-90 (D.C. Cir. 1980).

Italy, which ratified the Hague Evidence Convention in 1982, and the United States, which was one of the first to ratify in 1972, are both parties to and bound by the Convention's terms. *See* T.I.A.S. 7444, 23 U.S.T. 2555, reprinted in 28 U.S.C.A. § 1781. In seeking a Letter of Request, Article 1 of the Convention sets forth as follows:

> In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act.
>
> A Letter shall not be used to obtain evidence which is not intended for use in judicial proceedings, commenced or contemplated.
>
> The expression "other judicial act" does not cover the service of judicial documents or the issuance of any process by which

>judgments or orders are executed or enforced, o orders for provisional or protective measures.

Article 2 states:

>A Contracting State shall designate a Central Authority which will undertake to receive Letters of Request coming from a judicial authority of another Contracting State and to transmit them to the authority competent to execute them. Each State shall organize the Central Authority in accordance with its own law.
>
>Letters shall be sent to the Central Authority of the State of Execution without being transmitted through any other authority of that state.

Pursuant to the foregoing mandates, Article 18 of the Convention provides the specific dispensation for applying to the "competent authority" of the foreign state (here, Italy) for "appropriate assistance" to obtain evidence by compulsion. That Article sets forth in full as follows:

>A Contracting State may declare that a diplomatic officer, consular agent or commissioner authorized to take evidence under Articles 15, 16, or 17, may apply to the competent authority designated by the declaring State for appropriate assistance to obtain the evidence by compulsion. The declaration may contain such conditions as the declaring State may see fit to impose.
>
>If the authority grants the application it shall apply any measures of compulsion which are appropriate and are prescribed by its law for use in internal proceedings.

In the ratifying notes deposited by the Italian government upon signature and ratification, Italy has designated the "Court of Appeal within whose jurisdiction proceedings are to take place as the authority competent to: ... grant the judicial assistance provided for in Article 18." *See* T.I.A.S. 7444, 23 U.S.T. 2555, reprinted in 28 U.S.C.A. § 1781. Because the evidence sought is located in Italy, the Italian Court of Appeal, located in Milan, would receive and act upon this Court's Letter of Request after it is submitted by ALITALIA.

In accordance with the foregoing, defendant ALITALIA respectfully requests:

(1) the Court approve and sign the attached Letter of Request, which is in compliance with and contains all the information required by Article 3 of the Hague Evidence Convention.

(2) ALITALIA further requests that, after the Court has signed the Letter of Request, the Clerk of this Court authenticate the Court's signature under the seal of this Court, and that the Letter of Request be thereafter transmitted to the Clerk of the Court of Appeal of Milan in conformity with Article 2 of the Convention so that SEA will be compelled to produce the critical evidence.

## CONCLUSION

For the reasons set forth above, Defendant ALITALIA LINEE-AEREE ITALIANE, S.p.A. respectfully requests that this Court issue a Letter of Request to the Court of Appeal of Milan for the compulsion of evidence for trial.

Dated: New York, New York
      June 2, 2004

                                  Respectfully submitted,

By: _____
      Eugene Massamillo (ct 16211)
      Jeanine C. Driscoll (ct 24341)
      BIEDERMANN, HOENIG, MASSAMILLO
        & RUFF, P.C.
      90 Park Avenue
      New York, New York 10016
      (212) 697-6555

                     and

STANGER & ARNOLD, LLP
Steven E. Arnold (ct 07966)
29 South Main Street, Suite 325N
West Hartford, CT 06107
(860) 561-0650

Attorneys for Defendant
**ALITALIA LINEE-AEREE ITALIANE S.p.A.**

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record and pro se parties on June 2, 2004:

Vincent F. Sabatini, Esq.
James Sabatini, Esq.
Sabatini & Associates, LLC
One Market Square
Newington, CT  06111-2992

                                              Peter M. Van Dyke